UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK EDWARD WALKER                                    CIVIL ACTION

VERSUS                                                NUMBER: 12-01518

MEGHAN GARVEY, ET AL.                                 SECTION: "C"(5)


**REPORT AND RECOMMENDATION**


This 42 U.S.C. §1983 proceeding was filed in forma pauperis ("IFP") by pro se plaintiff, Mark Edward Walker, against defendants, Meghan Garvey of the Orleans Parish Indigent Defender Board and Probation Officer Ruth Parcell.

Plaintiff is an inmate of the Phelps Correctional Center, DeQuincy, Louisiana, who is serving four concurrent sentences of six years following his March 27, 2012 guilty plea to simple burglary of an inhabited dwelling, simple burglary, illegal possession of stolen things, and unauthorized use of an access card, and his subsequent adjudication as a multiple offender, in

the Criminal District Court for the Parish of Orleans.[1]/ Plaintiff alleges that on May 6, 2009, in the course of two other criminal prosecutions that were previously brought against him in case Nos. 484-324 and 484-074, Judge Alarcon, on the recommendation of Probation Officer Purcell, ordered that the terms of the probation he was then serving in those cases be terminated as he was being extradited to Kentucky to face other proceedings in that state. Thereafter, plaintiff states that he was extradited to Kentucky and was released on time served on a misdemeanor charge that was amended in June of 2009. While in Kentucky, plaintiff learned that the Docket Master in case No. 484-074 erroneously failed to reflect the termination of his probation in that case on May 6, 2009, which error he brought to the attention of Public Defender Garvey and which she allegedly promised would be corrected.

Following his release in Kentucky, plaintiff re-entered the work force and worked in multiple states believing that Garvey had taken the necessary steps to correct the Docket Master in case No. 484-074. Plaintiff was subsequently charged with attempted burglary in Chicago in September of 2009 and based upon a warrant

---

[1]/ This information was gleaned from the Criminal District Court's Docket Master in case No. 509-429 "F" which is accessible through the Orleans Parish Sheriff's Office website, www.opsco.org. Information appearing <u>infra</u> pertaining to plaintiff's previous state criminal cases was also obtained from the same source.

from the Louisiana Department of Probation & Parole, the judge in that jurisdiction contemplated sentencing him to two years' imprisonment based on the probation that had purportedly been terminated four months earlier in case No. 484-074. While incarcerated in Illinois, plaintiff's public defender there was ordered to contact Louisiana officials regarding his probation status and a social worker also called Garvey seeking further information on that matter. Plaintiff states that his public defender in Illinois failed to follow the judge's directive there and that he was denied access to paper, pencil, and the courts to resolve the issue himself. At some point, under the threat of receiving an eight-year sentence, plaintiff pled guilty to the Illinois charge. While serving his sentence there, plaintiff contacted Garvey again in January of 2010 who refused to provide him with the Orleans Criminal District Court's address but promised to get the Docket Master in case No. 484-074 corrected so he could re-petition the Illinois court for a sentence reduction.

Ultimately, at the end of September of 2010, plaintiff corresponded with Judge Alarcon and was advised that the Docket Master in case No. 484-074 was indeed in error. Despite being provided with an updated Docket Master, the error was still not corrected and plaintiff's subsequent inquiry in October 2010

requesting correction of the error was not answered.[2]/ Plaintiff would make one final attempt to get the error corrected prior to his release from the Illinois prison on December 14, 2010.

Plaintiff was arrested here in New Orleans on October 15, 2011 on the charges for which he is presently incarcerated. On May 12, 2012, he corresponded with the Orleans Parish Criminal District Court to obtain a copy of the proceedings that were held on May 6, 2009 after having been told by the Magistrate who was assigned to his most recent case that his probation had never been terminated. By virtue of the present lawsuit, plaintiff alleges that the named defendants breached their duty to correct the Docket Master in case No. 484-074, causing him to be illegally incarcerated. He seeks an unspecified amount of monetary damages and such other relief as is just and equitable under the law.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the

---

[2]/ The Docket Masters in case Nos. 484-324 and 484-074 both bear entries dated September 29, 2010 stating that plaintiff's probation in those cases had been terminated "unsatisfactorily" as of May 6, 2010.

4

facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. Caldwell v. Line, 676 F.2d 494 (5th Cir. 1982); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Johnson v. Hardy, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827 (1973); Dickerson v. State of Louisiana, 816 F.2d 220, 225 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion. Knox v. Butler, 884 F.2d 849, 852 n.7 (5th Cir. 1989), cert. denied, 494 U.S. 1088, 110 S.Ct. 1828 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

To the extent that plaintiff's complaint can be read as alleging that his *present* incarceration results from the defendants' neglect, he raises a habeas corpus issue which cannot be addressed until he has exhausted available state court remedies with respect to it. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994). As

plaintiff makes no showing of having done so, his complaint, to the extent that it can be construed as a request for habeas corpus relief, should be dismissed without prejudice pending exhaustion of state court remedies. McGrew, 47 F.3d at 161.

The Court must now determine whether any viable §1983 claims are raised by plaintiff's complaint. As to defendant Garvey, absent allegations of a conspiracy with traditional state actors, neither appointed nor retained counsel are considered to be acting under color of state law for purposes of §1983 liability. Polk County v. Dodson, 454 U.S. 312, 102 S.Ct. 445 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985). Although plaintiff alleges in a most conclusory fashion that "... the defendants acted in concert ...", such is insufficient to establish a conspiracy-based claim under §1983 because nowhere does he show that the defendants agreed to commit an illegal act. Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990). As respects defendant Purcell, the law is clear that neither states nor state officials acting in their official capacities are considered to be "persons" within the meaning of §1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). Moreover, as plaintiff points to no acts that were committed by the named defendants within one year prior to the date that he filed suit, any purported claims under §1983

appear to have prescribed.  <u>Elzy v. Roberson</u>, 868 F.2d 793, 794 (5th Cir. 1989).  Finally, the requisite causal connection between any act or omission on the defendants' part and the matters of which plaintiff complains is lacking here because plaintiff's present confinement results from his recent guilty plea in case No. 509-429 rather than the correctness <u>vel</u> <u>non</u> of the docket entries in case No. 484-074, the most recent of which indicates that plaintiff's probation was terminated as of May 6, 2010, albeit "unsatisfactorily".  For all of these reasons, it will be recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact.  <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

**<u>RECOMMENDATION</u>**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being

7

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>19th</u> day of <u>   June   </u>, 2012.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE